FILED

NOV 29 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: CHRISTOPHER B. PHILLIPS, | No. 10-60032 |
| Debtor. | BAP No. 09-1114 |
| CHRISTOPHER B. PHILLIPS, | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| UNITED STATES TRUSTEE, | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Montali, Markell, and Hollowell, Bankruptcy Judges, Presiding

Submitted November 21, 2011[**]

Before:    TASHIMA, BERZON, and TALLMAN, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Christopher B. Phillips, a Chapter 7 debtor, appeals pro se from the Bankruptcy Appellate Panel's ("BAP") judgment affirming the bankruptcy court's denial of Phillips's discharge in bankruptcy. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo the bankruptcy court's conclusions of law, and for clear error its factual findings, including those regarding fraudulent intent and materiality. *Candland v. Ins. Co. of N. Am. (In re Candland)*, 90 F.3d 1466, 1469 (9th Cir. 1996). We affirm.

The bankruptcy court did not commit clear error in finding that Phillips knowingly and fraudulently made material false oaths when he failed to disclose on his bankruptcy schedules a disability insurance claim that he was actively pursuing and, thus, it properly denied Phillips's discharge under 11 U.S.C. § 727(a)(4)(A). *See Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1197-99 (9th Cir. 2010) (discussing elements of a denial of discharge under § 727(a)(4)(A)).

The bankruptcy court did not commit clear error in finding that Phillips intended to hinder, delay, or defraud his creditors by failing to disclose his disability claim; hence, it properly denied Phillips's discharge under 11 U.S.C. § 727(a)(2)(B). *See In re Retz*, 606 F.3d at 1200, 1203-04 (setting forth elements of a denial of discharge under § 727(a)(2)(B), giving great deference to bankruptcy

court's determinations regarding the credibility of witnesses, and noting that debtor's chance for a fresh start is conditioned on full and truthful disclosure).

We do not consider issues raised for the first time on appeal. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

Phillips's remaining contentions are unpersuasive.

Phillips's motion to amend his reply to the Motion to Strike, filed on November 14, 2010, is granted.

Phillips's motion to strike and to sanction, filed on October 28, 2010, is granted to the extent that it seeks to strike the four documents included in the United States Trustee's excerpts of record that the parties agree were not part of the bankruptcy court record. The motion is otherwise denied.

**AFFIRMED.**

10-60032